IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN M. ELLIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2202-L |
| | § | |
| UNITED STATES ATTORNEY | § | |
| GENERAL JOHN ASHCROFT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. §

636(b) and a standing order of reference from the district court.  The findings and recommendation

of the magistrate judge are as follow:

I.

This is a *Bivens* action brought by John M. Ellis, a Texas prisoner, against former U.S.

Attorney General John Ashcroft and various federal marshals and government informants.[1]  On

November 9, 2005, plaintiff tendered a two-page complaint to the district clerk and filed an

application to proceed *in forma pauperis*.  Because the information provided by plaintiff in his

pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted

leave to proceed *in forma pauperis* and allowed the complaint to be filed.  Written interrogatories

then were sent to plaintiff in order to obtain additional information about the factual basis of this

suit.  *See Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).  Plaintiff answered the

---

[1]  Plaintiff alleges that this action is brought under 42 U.S.C. § 1983.  However, because all defendants are
federal officials or witnesses, there is no "state action."  Instead, plaintiff may sue for civil rights violations under *Bivens
v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

interrogatories on February 1, 2006. The court now determines that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be warned that any future frivolous lawsuits may result in the imposition of sanctions.

II.

Plaintiff accuses various federal marshals and other government agents of harassing him and his family, causing the death of his mother-in-law and three daughters. More particularly, plaintiff alleges that defendants sexually and physically abused his children by giving them hypnotic drugs, denied them food and medical care while sexually abusing their mother, and caused him to lose his job through the use of microwave transmissions. By this suit, plaintiff seeks unspecified money damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

        (1)     is frivolous or malicious;

        (2)     fails to state a claim upon which relief can be granted; or

        (3)     seeks money relief against a defendant who is immune from
                   such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff does not present a logical set of facts to support any claim for relief.  Instead, his complaint and interrogatory answers recite fantastic charges which are clearly fanciful and delusional in nature.  Dismissal is clearly warranted under these circumstances.  *See, e.g. Johnson v. Drug Enforcement Agency*, No. 3-04-CV-0410-G, 2004 WL 813214 at *1 (N.D. Tex. Apr. 14, 2004), *rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004), *appeal dism'd*, No. 04-10612, 137 Fed.Appx. 680 (5th Cir. Jun. 21, 2005) (summarily dismissing complaint alleging that DEA implanted radio transmitter into plaintiff's scalp); *Daniel v. FBI*, No. 3-03-CV-1281-N, 2003 WL 21436479 at *1 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States); *Decker v. Fleming*, No. 3-02-CV-2075-P, 2002 WL 31548766 at *1 (N.D. Tex. Nov. 12, 2002) (dismissing complaint alleging that federal prison officials opened-up plaintiff's mind "where they could listen to my thinking in Psychology Dept.").

C.

The court has an obligation to protect the orderly administration of justice and can issue injunctive relief to discharge that duty.  *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985).  Sanctions are also appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* FED. R. CIV. P. 11; *In re Green*, 669 F.2d 779, 787 (D.C. Cir. 1981).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536

(7th Cir. 1989). Appropriate sanctions include restrictions on the ability to file *in forma pauperis* without leave of court. *Lay v. Anderson*, 837 F.2d 231, 233 (5th Cir. 1988); *Procup v. Strickland*, 792 F.2d 1069, 1072-73 (11th Cir. 1986).

Plaintiff is no stranger to the civil justice system or to this court. In fact, he has filed three prior lawsuits alleging similar facts. All three cases were dismissed as frivolous or malicious. *Ellis v. Ashcroft, et al.*, No. 3-02-CV-1951-P, 2002 WL 31421933 (N.D. Tex. Oct. 21, 2002); *Ellis v. U.S. Attorney General, et al.*, No. 3-02-CV-1130-P, 2002 WL 31156684 (N.D. Tex. Sept. 24, 2002); *Ellis v. Reno, et al.*, No. 6-99-CV-0579-JH (E.D. Tex. Mar. 13, 2000), *appeal dism'd*, No. 00-40389, 2000 WL 1672794 (5th Cir. Oct. 17, 2000). The Fifth Circuit has warned plaintiff that "future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions." *Ellis*, 2000 WL 1672794 at *1. In view of this conduct, plaintiff should be warned that any future frivolous filings may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be warned that any future frivolous filings may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996).

DATED:  February 7, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE