ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN M. ELLIS, Father and Next Friend of Natosha, Chantara, and Mia Ellis, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 3:05-CV-2202-L |
| UNITED STATES ATTORNEY GENERAL JOHN ASHCROFT, et al., | § § § § | |
| Defendants. | § | |

## ORDER

This is a *Bivens* action brought by Plaintiff John M. Ellis ("Plaintiff" or "Ellis"), a Texas prisoner, against former United States Attorney General John Ashcroft and various federal marshals and government informants, on November 9, 2005. Ellis accuses Defendants of harassing him and his family and causing the death of his three daughters and his mother-in-law. He seeks an unspecified amount of money damages.

Pursuant to 28 U.S.C. §636(b) and an order of the court in implementation thereof, this action was referred to the United States Magistrate Judge for proposed findings and recommendation. The magistrate judge granted Ellis leave to proceed *in forma pauperis* and issued a *Spears* questionnaire to obtain additional information concerning the factual basis of his suit. Ellis submitted his answers on February 1, 2006, stating, among other things, that Defendants used microwave transmissions to harass him and his family, gave his children hypnotic drugs and then sexually and physically abused them, and denied his children food and medical care while sexually abusing their mother. On February 7, 2006, the Findings and Recommendation of the United States Magistrate Judge

("Report") were filed. In response, Ellis filed Objections to the Recommendations of the United States Magistrate Judge ("Objections") on February 13, 2006.

The magistrate judge recommended that Ellis's complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2), reasoning that Ellis failed to present a logical set of facts to support any claim for relief. Further, the magistrate judge noted that Ellis has filed three prior lawsuits alleging similar facts, all of which were dismissed as frivolous or malicious. *See, e.g., Ellis v. Reno*, No. 6-99-CV-0579-JH (E.D. Tex. Mar. 13, 2000), *appeal dism'd*, No. 00-40389, 2000 WL 1672794 (5th Cir. Oct. 17, 2000) (stating "Ellis is hereby warned that future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions."). Finally, the magistrate judge recommended that Ellis be warned that any future frivolous filings may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the requisite filing fee or obtaining prior authorization from the court.

In his Objections, Ellis contends that: (1) his action is not a *Bivens* action because he was not incarcerated at the time he filed his complaint, and was also not incarcerated when the alleged violations occurred; and (2) his action is not frivolous. A *Bivens* action is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)). Whether Ellis was incarcertated at the time he filed his complaint, or when the alleged violations occurred, is irrelevant to his ability to bring a *Bivens* action. *Cf. Izen v. Catalina*, 398 F.3d 363, 367 (addressing a *Bivens* action brought by a tax attorney against whom all criminal charges had been dismissed). "A *Bivens* action is analogous to an action under [section] 1983; the only difference being that [section] 1983 applies to constitutional

violations by state, rather than federal, officials." *Id.* (citation and quotation omitted). Ellis's action, a *Bivens* action, lacks an arguable basis in fact, as the facts he alleges are "fantastic or delusional scenarios." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citations and quotations omitted).

Having reviewed the pleadings, record, the Report, and applicable law, the court determines that the findings of the magistrate judge are correct and accepts the magistrate's findings as those of the court. Plaintiffs' Objections are **overruled**. Accordingly, because Ellis's complaint is frivolous and fails to state a claim upon which relief can be granted, it is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). The court **advises** Ellis that any future frivolous filings may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the requisite filing fee and obtaining prior authorization from the court.

**It is so ordered** this 28th day of April, 2006.

Sam A. Lindsay
United States District Judge